IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CA No. 8:08-1768-HMH-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| Ivy T. Boozer, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the plaintiff's motion for summary judgment. [Doc. 15.] The plaintiff brought this action seeking to foreclose on Ivy T. Boozer's property as more specifically described below.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The legal description of the property at issue, and situated in Newberry County, South Carolina, is as follows:

> All that piece, parcel or lot of land situate, lying and being in Tax District No. 1 in the City and County of Newberry, State of south Carolina, being shown as Lot 26 in Crestwood Subdivision on a plat of survey entitled Crestwood Development, prepared by W. B. Halfacre, E. L. Oxner, and M.C. Cavanaugh, dated February 6, l955, and recorded in the office of the Clerk of Court for Newberry County in Plat Book N at page 25. Said lot is currently designated as Tax Map No. N-2-G-19 and is bounded as follows: on the northeast for a distance of 75.04 by right of way of Rosalyn Drive; on the

>southeast for a distance of l52.87' by Lot 25; on the southwest for a distance of 75.03' by lands now or formerly of P. D. Johnson & co.; and on the northwest for a distance of l53.33' by Lot 27. Said lot is more particularly shown on plat of survey prepared by Thomas B. Abraham, RLS #7877, dated April 3, l986, and recorded in the office of the Clerk of Court for Newberry County in Plat Book AK, Volume 2, Page l4l.
>
>The within property is subject to the Restrictive Covenants as shown in Deed Book 67 at page 53 and all other easements, restrictions, and rights of way of record. This is a portion of the property conveyed to Fran, Inc. by deed of Erben, Inc. dated January 21, l986, and recorded in Deed Book 241 at page 11.
>
>This property was thereafter conveyed to Ivy Boozer by deed of Fran, Inc. dated November 26, l986, and recorded in the office of the Clerk of Court for Newberry County in Deed Book 255 at page 355, on December l, l986.

(Contis Aff., Ex. B.)

On December 1, 1986, the defendant, for valuable consideration, made, executed and delivered unto the United States of America, acting through Rural Development, United States Department of Agriculture, a promissory note, in writing and under seal, whereby she promised to pay to the order of the United States of America, through its aforesaid agency, the principal of $38,500.00, with interest from such date on the unpaid principal balance at the rate of 9.50 percent per annum. *Id*., Ex. A. The balance was to be payable in installments of principal and interest as follows: The first installment being due and payable on April 1, 1987 in the sum of $320.00, and equal and successive installments in the sum of $320.00 thereafter on the 1st day of each month until the principal and interest were fully paid. *Id*.

The plaintiff has submitted evidence that payments have not been made when due, and according to the statement of account, as of February 9, 2009, the plaintiff is due $110,827.13 from the plaintiff. *Id.*, Ex. C.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

The plaintiff has submitted the affidavit of Leona M. Lavalle, Single Family Housing Technician of Richland County, South Carolina, Rural Development, United States Department of Agriculture, dated February 9, 2009. (Conits Aff., Ex. C.) That affidavit indicates that the defendant is delinquent on her property Account No. 6339499 in the amount of $28,738.94, plus any reasonable cost items charged since the date of the affidavit. *Id.* As a result, the entire unpaid balance of $110,827.13 was accelerated and became due on or about July 17, 2006. *Id.*, Ex. D. The $110,827.13 includes principal and interest, as well as other advances, and the plaintiff is entitled to daily interest accrual from February 9, 2009, in the amount of $12.8901 for each day. *Id.*, Ex. C. This loan is subject to interest credit recapture as evidenced by the Subsidy Repayment Agreement. During the life of the loan, the defendant received a subsidy in the amount of $36,017.81; that amount is included in the above total debt. *Id.*

The plaintiff has submitted a response wherein she claims to have met all her mortgage payments and expresses great disbelief as to how the original principal amount of $38,500 might have ballooned into an amount in excess of $110,000. (Pl. Resp. at 1-2.) The plaintiff represents that she is raising two kids, that she cannot refinance her home, and that she feels as though the plaintiff has taken advantage of her. *Id.* at 1. The

5

Court is not unaffected by her pleas. The indebtedness is severe and the plaintiff has resided at the property for over 20 years. The Court, however, is constrained.

The plaintiff has demonstrated that the total amount due is rightly comprised of principal, interest, and a subsidy granted the plaintiff, among other processing fees. (See Conits Aff., Ex. C.) Moreover, the defendant does not deny that she has "gotten behind on her payments" (Pl. Resp. at 1) and she has nowhere disputed, or otherwise submitted evidence which might call into question, the plaintiff's evidence. She has simply not met her burden under Rule 56 to respond to the plaintiff's evidence to create a genuine issue of fact as to her alleged indebtedness. *See* Fed. R. Civ. P. 56. There is no dispute that she owes the amount claimed or that the plaintiff is entitled to foreclose.

At the request of the plaintiff, the undersigned would further recommend to the district court that, after the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the mortgagor(s), or person(s) in possession, shall, within twenty (20) days of the date of approval by the Court, move from the premises at issue in this case, and give up the premises, without damage or vandalism. Upon failure of any mortgagor(s) or person(s) in possession, in the name of, or because of the mortgagor(s), to vacate the premises within twenty (20) days of the date of approval by the court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless, prior to such date, the mortgagor(s) or person(s) in possession, have obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said

premises. The United States Marshal, or his deputies, is also authorized to remove from the premises, any furniture or other possession, and any interference with the activities of the Marshal may result in sanctions.[1]

## CONCLUSION

Wherefore, based upon the foregoing, it is recommended that the plaintiff's motion for summary judgment of foreclosure for the full amount due and owing [Doc. 15] should be GRANTED. *See U.S. v. Jonmar Corp.*, 1994 WL 727984 (N.D. Ill. December 30, 1994).

s/Bruce H. Hendricks
United States Magistrate Judge

June 10, 2009
Greenville, South Carolina

---

[1] The plaintiff has also requested other relief in its Complaint, to wit, priority for its lien, about which the Court does not have sufficient evidence or information or which may be premature. (Compl. at 6-7.) To the extent the plaintiff wants additional relief, it should repetition the Court for it.